# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| CARRIE REYES, | * | No. 14-953V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Filed: April 27, 2016 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | Attorneys' fees and costs |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, counsel for petitioner; Heather L. Pearlman, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS [1]

Petitioner Carrie Reyes filed her application for attorneys' fees and costs on March 1, 2016. The Secretary objected to the amount Ms. Reyes requested. Ms. Reyes is awarded **$29,397.77**.

Carrie Reyes alleged that on October 13, 2011, she received the influenza ("flu") vaccine which caused her to develop atypical Guillain-Barré syndrome ("GBS"), chronic inflammatory demyelinating polyneuropathy ("CIDP"), neurogenic bladder, and other associated conditions and symptoms. The undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. Decision, issued Aug. 3, 2015, 2015 WL 5306395. Because

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

petitioner received compensation, she is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

The Secretary objected to the amount Ms. Reyes requested. She stated that a suitable amount is between $20,000.00 to $24,000.00. The Secretary further suggested that the undersigned make a determination as to the amount of an award within that range. See Resp't's Resp. at 3.

Because the Secretary provided no explanation for how she determined the range, the Secretary's representation carries relatively little weight. The attorney's timesheets are sufficiently detailed that his activities are understandable. While there might be disagreement over some entries, the Secretary did not make any specific objections. Overall, the amount of time is reasonable.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $29,397.77 to be a reasonable amount for all attorneys' fees and costs incurred. In compliance with General Order #9, petitioner states that she did not incur any in out-of-pocket litigation expenses while pursuing this claim. The undersigned **GRANTS** Ms. Reyes's motion and awards **$29,397.77** in attorneys' fees and costs. This shall be paid as follows:

> **A lump sum payment of $29,397.77, in the form of a check made payable jointly to petitioner and petitioner's attorney, Mark T. Sadaka, Mark T. Sadaka, LLC, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
